132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert GONZALEZ, Defendant-Appellant.
 No. 97-30136.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted December 1, 1997
Decided December 12, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CR-96-00512-BJR; Barbara J. Rothstein, District Judge, Presiding.
 Before: WRIGHT**, REAVLEY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant argues that the jury instructions regarding intent improperly stated what the government had to prove. We review the formulation of instructions for abuse of discretion, United States v. Amlani, 111 F.3d 705, 716 (9th Cir.1997), and not, as appellant contends, de novo, because the issue is how the district judge described the elements of the crime, not whether an element of the crime was omitted or so misstated as to amount to an omission. Cf. United States v. English, 92 F.3d 909, 914 (9th Cir.1996).
 
 
 3
 Appellant argues that he could have been convicted "without necessarily finding that he specifically intended to distribute the cocaine." Appellant's Brief, 7. We do not see how. Instruction 11 told the jury that they could not convict unless the government proved that defendant possessed cocaine "with the intent to deliver it to another person." Appellant contends that the issue was muddled by Instruction 14, which said, "[a] person acts with intent if the act was done as a result of purpose, rather than by accident or mistake." Again, we do not see how. This is merely the boilerplate instruction that allows for the defense of having acted accidentally, rather than on purpose. In no way does it suggest that the jury could convict Gonzalez, even if the jurors doubted that he intended to deliver the suitcase with the cocaine to another person.
 
 AFFIRMED
 
 
 **
 Judge Wright was not present in the courtroom when oral argument was heard. He has listened to the tape of oral argument held on December 1, 1997
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3. The parties are familiar with the facts, and we will not restate them here